RAQUEL FAJARDO DE ROSS, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent.

No. 130. Argued November 3, 1947.—Decided May 17, 1948.

692

*Amador Ramírez Silva,* for petitioner. *Luis Negrón Fernández,* Attorney General, and *Carlos Santana Becerra, Assistant Attorney General* for intervener, respondent in the main action.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

Feeling aggrieved by the appraisal of her properties which was notified to her by the Treasurer of Puerto Rico, the petitioner herein paid that part of the tax with which she agreed, and within the 30 days following, she filed a complaint in the Tax Court. The tax in controversy was the one pertaining to the year 1944-45. Some months afterward, upon being notified of the appraisal for 1945-46, which was the same as that for the year 1944-45, the petitioner paid a part of the tax and filed in the same tribunal a supplemental complaint so that both cases could be jointly decided. The supplemental complaint was dismissed, since the court considered that the question involved should have been raised in an independent and separate complaint on which the internal revenue and bar association stamps should have been canceled. The original complaint was dismissed. The petitioner thereupon instituted the present certiorari proceeding.

The petitioner assigns two errors claimed to have been committed by the Tax Court. We will consider first the alleged erroneous weighing of the evidence.

The main property, similarly as the other small properties involved, had been paying taxes on a valuation of $42,570 and the new appraisal, of which the petitioner complains, was raised to $91,000. The evidence introduced may be summarized thus: The evidence for the petitioner was to the effect that, with the exception of a 4-acre (*cuerdas*) parcel, all the properties form a single tract situated in the ward of Piñales, Añasco, with an area of 300 acres; that said properties contained a marsh having an area of 10½ acres and its lanes covered 9½ acres; that it has no irrigation system and that a part thereof consists of flat land, very low

and semi-swampy, which covers 95 acres; that the cane cultivated therein is ground at various sugar mills and is taken out of said property by means of rubber-wheel carts and tractors for the Central Igualdad and in railroad cars for the other centrals; that the marsh land is so swampy that the water can not be extracted therefrom because too much money would have to be spent on drainage; that a part of the property is devoted to pasture; that there have been losses in the crops because of floods; that the average yield during the last four years has been 22 tons per acre; that the properties have about 40 acres of poor drainage, valued at $200 per acre, 52.81 acres of imperfect drainage, which, is slightly better than the poor drainage, valued at $250 per acre, and that the remaining portion of the property, with an area of 206.69 acres is valued at $125 per acre, due to the presence of "perdigones"; that the 10½ acres of marsh land has no value whatsoever; and that the total correct valuation is $45,038.75.

The evidence introduced by the Treasurer, consisting in the testimony of the appraiser, was to the effect that the property is situated in the Añasco Valley, a part of which is bounded by Highway No. 2; that almost all of it consists of level land, with the exception of broken swamps; that it is planted with cane; that the 300 acres consist of 150 acres of flat land planted with cane, valued at $400 per acre; 20 acres of lanes at $400 per acre; 50 acres of flat land planted with cane valued at $200 per acre; 39 acres of flat land devoted to pastures at $200 per acre; 17 acres of broken plowed land at $150 per acre; a swampy portion of 24 acres valued at $100 per acre and a house valued at $250; that the total valuation amounts to $91,000; that the property is located at a distance of about four kilometers from Central Igualdad, and is provided with all the communication facilities bounded on two sides by highways, and every part of it can be reached by automobile; that the swampy land is full of sucrose and produces Para grass (*malojillo*) with a value almost similar to that of cane for the cattle; and that

said property is considered as having a market value of from $125,000 to $200,000, the appraisal of $90,000 given to the property being more than reasonable.

The Tax Court accorded full credit to the evidence introduced by the Treasurer and held that the appraisal was reasonable. The evidence is conflicting, and as shown by the summary we have made thereof, the evidence believed by the lower court is sufficient to support its findings. We have held that we will not interfere with the weighing of the evidence by the Tax Court unless it is shown that there was a lack of evidence, such lack involving an error of law. *Rodríguez & Palacios v. Tax Court, ante* p. 635; *Mayagüez Sugar Co. v. Court of Tax Appeals,* 60 P.R.R. 737; *López de la Rosa v. Tax Court,* 66 P.R.R. 319.

In the second and last assignment it is urged that the decision dismissing the supplemental complaint is erroneous, since there is nothing in the law which would prevent the filing of a supplemental complaint based on facts which occurred subsequent to the filing of the original complaint, and that the purpose of the petitioner in filing the supplemental complaint was to prevent a multiplicity of proceedings, which were unnecessary, as both complaints involved the same question. The petitioner contends that the filing of the supplemental complaint was proper under Rule 15(*d*) of the Rules of Civil Procedure, which are applicable to Tax Court proceedings, since it is so provided by § 4 of Act No. 169 of May 15, 1943, creating that tribunal.

The grounds set forth in the supplemental complaint are similar to those which appeared in the original complaint, with the exception that the supplemental complaint covered a taxable year (1945–46), different from that covered by the original pleading (1944–45).

Rule 15(*d*), *supra,* provides:

"*Supplemental Pleadings.*—Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or

occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor.''

As it clearly appears from the Rule copied above, in the supplemental pleadings or complaints there are set forth transactions or events in connection with the pleading sought to be supplemented, but in such complaints no question different from that originally raised may be set up. In other words, the question relative to the challenge of the appraisal of the properties for the year 1945–46, which in the case at bar was sought to be raised by means of a supplemental complaint, does not lie because it is not grounded on events which happened after the filing of the original complaint, as provided by the rule already mentioned, and should have been set forth in an independent and separate complaint. Regarding this particular it is stated in the case of *Bowles* v. *Senderowitz,* 65 F. Supp. 548, 9 Fed. Rules Serv. 15d. 12, Case 1, *supra*:

"Although Rule 15(*d*) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, permits a party to set forth transactions or events which happened after the filing of the complaint, the supplemental pleading is merely a continuation of the complaint justifying other or further relief.''

An in *Savannah Theatre Co.* v. *Lucas & Jenkins,* 8 Fed. Rules Serv. 34.12, Case 2, it was held that:

". . . Properly construed, and as stated upon the argument, this supplemental complaint seeks to allege a continuance of the conspiracy beyond the date of the filing of the petition, damages incidental to such continuance, and for an injunction to prevent continuance thereof in the future. This is not properly allowable and goes beyond the true scope of a supplemental complaint. As concerns the alleged continuing conspiracy, it appears that while damages accruing since the action was instituted are allowable, they must be suffered in consequence of acts done before the institution of the suit and constitute a part of the cause of action declared on. Therefore

the question of the continuance of the conspiracy and damage resulting from such acts in pursuance thereof subsequent to the filing of the suit are not recoverable in this action [sic]."

For example, when two or more notices of deficiencies, made at the same time, or of assessments for two or more years, simultaneously notified, are involved, the taxpayer may appeal from all of them by means of a single complaint. When the notification is made after a complaint is filed, the taxpayer should file a new complaint.

■ Since the questions involved herein were different because they arose in two different taxable years, and the second assessment was made when the complaint against the first assessment had been filed, it was proper to dismiss the supplemental complaint, as was done by the respondent tribunal.

The decision of the Tax Court will be affirmed.